UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDREAS V. BECHTOLSHEIM, | Case No.  10-cv-5031-SBA |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I.  INTRODUCTION

This is a tax refund suit case.  Plaintiff, Andreas Bechtolsheim, filed this suit on November 5, 2010, seeking a tax refund for 2004 in the amount of $474,078. (Compl. ¶ 9).  In his Complaint ("Compl."), plaintiff's alleges that he filed a timely 2004 Federal Income Tax Return containing the phrase "**There is additional loss to be claimed on an amended return to be filed" on the Schedule D[1] filed with his original 2004 tax return on October 14, 2005. (Compl. ¶¶ 6-7).[2]

This notation is at the center of the parties' dispute.  In his Complaint, plaintiff alleges

---

[1] A Schedule D is an attachment to a Form 1040, U.S. Individual Income Tax Return, used to report "Capital Gains and Losses."  (See Ex. 2).

[2] The filed stamp on plaintiff's 2004 Form 1040 indicates the return was received on October 20, 2005.  (McCarthy Decl. Ex. A, p.1).

*[proposed] ORDER*
*Case No. 10-cv-5031-SBA*            1

that this notation "constituted a timely informal refund claim." (Compl. ¶ 7). Plaintiff claims that the amended tax return, Form 1040X, which was filed more than three years[3] after the original tax return "constituted a formal claim for refund." (Compl. ¶ 8).

The amended tax return requests a tax refund in the amount of $605,128. (McCarthy Decl. Ex. C, p. 1). This amount exceeds the refund requested in the Complaint of $474,078. (Compl. ¶ 12). In the amended tax return, as opposed to the complaint, plaintiff bases his refund on numerous changes to his *income and deductions*. (McCarthy Decl. Ex. C, p. 10). Plaintiff's Complaint focuses on changes in his "Fidelity Account" in seeking a refund noting that the account was "updated to reflect plaintiff's actual short term capital loss of $4,410,519", which plaintiff alleges results in an overpayment of $474,078. (Compl. ¶ 9).

Plaintiff annexed an explanation of some of the changes related to his Fidelity Account to his amended tax return. (McCarthy Decl. Ex. C, p. 4). The explanatory page, entitled "Fidelity 2004 P/L Acct," reports the $4,410,519 claimed "loss" in a line entitled "2004 P/L without interest." Id. According to the summary sheet, the $4,410,519 "loss" is derived from subtracting the "Market Value [of the account] as of 12/31/2004" from the total "Deposits" to arrive at the "Net P/L" of $4,180,669." Id. Next, plaintiff subtracts from that amount interest, dividends, and "unrealized gains as of 12/31" to arrive at the $4,410,519 "loss." Id. In a separate section, Plaintiff details that the resulting "loss" figure is due in part to "unrealized P/L" and "unrealized gains [as of] 12/31/04." Id. The "loss" amount is then transcribed onto Schedule D that was filed with the amended tax return, and reports an increased loss, compared to the original return, of -$4,410,519. (McCarthy Decl. Ex. C, p. 9).

The forms Schedule D filed with both the original and the amended tax returns both ask for information related to the Fidelity Account. The forms Schedule D for both the original and the amended 2004 tax returns ask plaintiff to report the gain (or loss) by subtracting the "sales price" from the "the cost or other basis." Id. Similarly, forms Schedule D asks plaintiff to

---

[3]The amended tax return indicates it was mailed on October 20, 2008, and the IRS transcripts indicated the return was filed on October 22, 2008. (McCarthy Decl. Exs. C, p.1 and D, p. 2).

*[proposed] ORDER*
*Case No. 10-cv-5031-SBA*            2

1  specify when the stock was "acquired" and "sold."[4]  Id.

2      The Schedule D does not solicit information related to the "market value" of an asset at
3  any time.  See Exs. A-C.  In order to report gains or losses based on a market value method, a
4  taxpayer must request to do so with his original tax return on a Form 3117.  26 U.S.C. § 475;
5  Rev. Proc. 99-17.  Plaintiff made no such election and does not allege that he did.  (Exs. A-C).

6      On or about December 1, 2008, plaintiff's refund claim was disallowed by the IRS as
7  untimely.  (Compl. ¶ 10).  Plaintiff's amended return addressed the time for filing the request.
8  Plaintiff stated that "the statute of limitations for filing an amended return for federal tax
9  purposes expires on October 17, 2008."  (McCarthy Decl. Ex. C, p. 3).  As noted above, the
10 amended tax return was filed on October 22, 2008.  (McCarthy Decl. Ex. D, p. 2).

11     Plaintiff alleges that the next contact with the IRS was on October 19, 2010, when he
12 claimed a refund was due in the amount of $474,078.  (Compl. ¶ 12).  On November 5, 2010,
13 plaintiff filed this suit seeking a refund based on the claim mailed on October 19, 2010.  (Dkt.
14 No. 1).  On April 4, 2011, defendant the United States moved to dismiss the complaint as
15 untimely.  Plaintiff filed an opposition on April 12, 2011, and this Order resolves the issue.

16 **II.  LEGAL STANDARD**

17 **A.  Fed. R. Civ. P. 12(b)(6)**

18     When a defendant submits a motion to dismiss under Federal Rule of Civil Procedure
19 12(b)(1), the plaintiff bears the burden of establishing the propriety of the court's jurisdiction.
20 See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  As a court of limited
21 jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the
22 contrary affirmatively appears."  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225
23 (9th Cir. 1989).  A Rule 12(b)(1) jurisdictional attack may be facial or factual.  White v. Lee,
24 227

---

[4] See 26 U.S.C. § 1001(a) ("The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.")

*[proposed] ORDER*
*Case No. 10-cv-5031-SBA*      3

F.3d 1214, 1242 (9th Cir. 2000) (citation omitted).  In the context of this motion, the defendant argues, as a factual matter, that plaintiff's refund claim was untimely.  Thus, according to the defendant, the Court lacks jurisdiction.  The Court agrees that the evidence establishes that the refund claim was untimely and the Court lacks jurisdiction over this case.

### B. Plaintiff's Claim

Suits seeking a refund of an overpayment of any tax are governed by the time periods set forth in 26 U.S.C. § 6511(a) which provides, in relevant part, as follows:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

"No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period."  26 U.S.C. § 6511(b)(1).  "A timely claim is a jurisdictional prerequisite to an action for recovery of taxes paid."  Miller v. United States, 38 F.3d 473, 474 (9th Cir. 1994) (citations omitted).  The United States Court of Appeals for the Ninth Circuit has held that taxpayers' claim for refund is timely under 26 U.S.C.§ 6511(a) if it is filed within three years from the date they file their income tax return, regardless of when the return is filed.  Omohundro v. United States, 300 F.3d 1065, 1069 (9th Cir. 2002).

As an initial matter, plaintiff's amended tax return was not filed within three years of the Form 1040 that he filed for 2004.  Plaintiff filed the amended tax return, Form 1040X, on October 20, 2008, but his original tax return was filed on October 14, 2005.  See 26 U.S.C. § 6511(a).  To overcome this bar, plaintiff claims that his refund claim, related to the Fidelity Account, was initiated with his original return on October 14, 2005.  Plaintiff argues that the refund claims was commenced with the notation stating that "**There is additional loss to be claimed on an amended return to be filed" on the Schedule D" on the Form 1040.

Under plaintiff's logic, his original tax return was both a formal claim and an informal claim.  The informal claim was formalized with the amended tax return.  In support of this

theory, plaintiff points to a long-standing principle that permits a taxpayer to file an informal claim that is perfected at some later date.  See Angelus Milling Co. v. Commissioner, 325 U.S. 293 (1945); United States v. Kales, 314 U.S. 186 (1941); Martinez v. United States, 595 F.2d 1147 (9th Cir. 1979).

According to the informal claim doctrine, an informal claim is sufficient to convey jurisdiction on the district court if it is (a) filed within the statutory period, (b) puts the IRS on notice that the taxpayer believes an erroneous tax has been assessed, and (c) describes the tax and year with sufficient particularity to allow the IRS to undertake an investigation.  Schlachte v. United States, 2008 WL 3977901, at *5 (N.D. Cal. 2008) (citing PALA, Inc. Employees Profit Sharing Plan and Trust Agreement v. United States, 234 F.3d 873 (5th Cir. 2000)). Some courts have also added a "written component requirement," requiring that some part of the informal claim be written.  See, e.g., Wrightsman Petroleum Co. v. United States, 35 F.Supp. 86 (Ct. Cl. 1940); American Radiator & Standard Sanitary Corp. v. United States, 318 F.2d 915 (Ct. Cl. 1963).  It is all the facts and circumstances that will determine whether a timely informal claim for refund has been filed.  American Radiator & Standard Sanitary Corp. v. United States, 162 Ct. Cl. 106, 114 (1963).  No set of rules can be elucidated as to what constitutes an adequate informal claim; rather, each case must be determined based on its own unique set of facts.  New England Electric System v. United States, 32 Fed. Cl. 636, 641 (1995).  The notations on the Form 1040 do not meet the requirements of the informal claim doctrine because they did not put the IRS on notice that the Plaintiff believed an erroneous tax has been assessed.  Plaintiff has not met its burden of establishing subject matter jurisdiction in this case for two reasons.

First, plaintiff's purported refund claim does not provide adequate notice to the IRS that a refund is sought.  It is noteworthy that plaintiff affirmatively stated in his amended tax return that the claim needed to be filed by October 17, 2008.  This clear language conveyed to the IRS, for notice purposes, that a refund demand filed after that date could be disallowed as delinquent.  That is precisely what happened in this case.

In addition, plaintiff's Form 1040 merely states that there is additional loss "to be claimed" on an amended return "to be filed."  The language used by plaintiff states an

"inten[tion] to file a claim in the future." Mobil Corp. v. United States, 67 Fed. Cl. 708, 718 (2005). The Court agrees with the reasoning in Mobil Corp. that this language "necessarily negates the inference that a claim is then being asserted" and "tends to dissuade the IRS from commencing an examination, even if it is aware of some of the facts and circumstances on which the taxpayer may ultimately base its claim." Id. Consistent with Mobil Corp., the evidence filed related to this motion demonstrates that plaintiff had no, or minimal, contact with the IRS, and this vague language was not treated as a claim.[5]

Second, even if the notation on the Form 1040 constituted an informal refund claim, this Court nevertheless lacks jurisdiction for another reason. On his 2004 tax return, plaintiff computes the gains and losses for stocks by subtracting the purchase price from the sales price, as he must do. 26 U.S.C. § 1001(a)-(b). Without any explanation, on the amended tax return plaintiff computes the "loss" related to his Fidelity Account by subtracting the *market value* of the account at the beginning of the year from *market value* at the end of the year. This accounting method, called "marking-to-market," is based on the fair market value of stocks, but not the sales price. To employ this method, the taxpayer must (1) elect to do so and (2) be a retail dealer in commodities. Plaintiff satisfies neither of these requirements. Plaintiff claims on his tax return to be an executive, and no election to use the mark-to-market method was filed. It is for that additional reason that plaintiff's claim fails.

Informal claims have normally been recognized only in conjunction with later-filed "perfecting" claims, the informal claim being allowed to toll the statute of limitations. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 77 (1933); United States v. Kales, 314 U.S. 186 (1941). Use of an informal claim to toll a statute of limitations, with a later perfecting amendment that complies with all rules and regulations related to a formal claim, was borrowed

---

[5]There is no evidence the IRS waived the required that plaintiff must file a timely formal claim. Angelus Milling Co. v. Commissioner, 325 U.S. 293 (1945) (Plaintiff must prove the IRS waived formal defects and treated this as a claim, in the absence of communications: "it is not essential for the establishment of a waiver that the Commissioner communicate his ruling ... But in the absence of such explicitness the implication that formal requirements were dispensed with should not be tenuously argumentative.")

*[proposed] ORDER*
*Case No. 10-cv-5031-SBA*                                6

by analogy from the notion that "amendment of a pleading will take effect by relation." Memphis Cotton Oil Co, 288 U.S. at 67.  The general rule is that an amendment of a pleading will take effect by relation and survive the expiration of the statute of limitations if the identity of the cause of action is still substantially the same; however, the statute of limitations will prevail if "substitution of a new cause of action in place of another wholly different" is attempted under the guise of an amendment to an informal claim. Id. (citations omitted).  "A claim which demands relief upon one asserted fact situation, and asks an investigation of the element appropriate to the requested relief, cannot be amended to discard that basis and invoke action requiring examination of other matters not germane to the first claim." United States v. Andrews, 302 U.S. 517, 524 (1938).

Stated simply, plaintiff cannot, after the deadline for filing a claim has passed, amend a claim using an impermissible method to compute his loss.  This new method, being "wholly different," is insufficient to support jurisdiction because the claim "require[es] examination of other matters not germane to the first claim." United States v. Andrews, 302 U.S. 517, 524 (1938).  Consequently, the Form 1040X is an inadequate amendment to any purported informal claim.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS WITH PREJUDICE the Motion to Dismiss filed by Defendant the United States of America against plaintiffs Andreas Bechtolsheim.

IT IS SO ORDERED.


Dated: October 4, 2011

*Saundra B Armstrong*
Hon. Saundra Brown Armstrong
United States District Judge

*[proposed] ORDER*
*Case No. 10-cv-5031-SBA*                7